IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SAMUEL L. MARTIN**                                                                 **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 1:12CV327HSO-RHW**

**TED GILBERT, ET AL.**                                                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANTS' MOTION TO DISMISS

THIS MATTER COMES BEFORE THE COURT upon the Motion to Dismiss for Failure to Prosecute [11] filed June 3, 2013, by Ted Gilbert, Jeffrey Jensen, and the City of Gautier [collectively referred to as "Defendants"].  Defendants move to dismiss Plaintiff's Complaint for want of prosecution pursuant to FED. R. CIV. P. 41(b).  To date, Plaintiff has not responded to Defendants' Motion.  The Court, having considered the pleadings on file and relevant legal authorities, finds that Defendants' Motion to Dismiss should be granted, and Plaintiff's Complaint should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b).

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed this lawsuit on October 24, 2012, pursuant to 42 U.S.C. § 1983.  Compl. [1].  Plaintiff advances claims for violations of his First, Fourth, and Fourteenth Amendment rights, civil conspiracy, neglect, assault, battery, kidnaping, false imprisonment, malicious prosecution, excessive force, and intentional infliction of emotional distress.  Plaintiff seeks damages, punitive damages, and attorneys' fees.  Compl., [1], ¶¶ 67-69, at pp. 12-13.  Defendants filed

a Motion [5] asserting Qualified Immunity on November 30, 2012, and the Court issued an Order [6] staying the above case.

On January 10, 2013, the Court conducted a telephonic status conference. Thereafter a minute entry order was issued which imposed certain deadlines for discovery and motions relating to qualified immunity. The Order directed that

> [t]he deadline for discovery of facts related to the Qualified Immunity issue shall be May 10, 2013. The deadline for the filing of Qualified Immunity motions, supplemental Qualified Immunity motions and briefs in support of same shall be May 24, 2013. Plaintiff is excused from filing a response to Motion for Qualified Immunity at this time but will be required to file a response to all Qualified Immunity motions on June 7, 2013.

Minute Entry Order entered January 10, 2013.

On February 5, 2013, counsel for Defendants propounded discovery requests including interrogatories and requests for production. On March 21, 2013, Plaintiff's counsel filed a Motion to Withdraw as Attorney [9], which the Court granted by Order [10] entered on April 22, 2013. The Court's Order [10] directed that:

> Plaintiff shall have 30 days from the entry of this Order, or until May 22, 2013, to obtain substitute counsel or to inform the Court in writing of his intention to proceed *pro se*. **Plaintiff is cautioned that failure to obtain substitute counsel or to inform the Court in writing of his intention to proceed *pro se* within the time allowed may result in the dismissal of his lawsuit.**

Order [10] [emphasis in original].

To date, Plaintiff has not complied with this Order [10].

Defendants filed the instant Motion on June 3, 2013. The deadline for Plaintiff to file a timely response was June 20, 2013. On July 2, 2013, the Court entered an Order [12] which directed Plaintiff to show cause for 1) the failure to file a Response to Defendants' Motion to Dismiss [11]; and 2) why the Court should not dismiss the above captioned cause pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. Order [12]. Plaintiff was advised that any failure to comply with the Court's Order could result in the dismissal of this action without further notice. *Id*. To date, there has been no Response filed by Plaintiff.

## II. DISCUSSION

FED. R. CIV. P. 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of any action." The Court may also "dismiss an action sua sponte under Rule 41(b) for failure to comply with a court order or whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Link v. Wabash Railroad*, 370 U.S. 626, 631 (1962); *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996)(citing *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)); *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). The Court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. *Link, supra*, 370 U.S. at 629-30; *see also Hand v. UNUM Provident Corp.*, 202 F.

App'x 689, 694 (5th Cir. 2006).

A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).  On appeal, a decision to dismiss under Rule 41(b) is limited to reversal for abuse of discretion.  *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); *Rogers ex rel. Rogers v. Metropolitan Transit Authority Metrolift,* 111 F. App'x 782 (5th Cir. 2004); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980).

Plaintiff has not taken any action in this case, or otherwise contacted the Court, since his attorney was permitted to withdraw.  Plaintiff was advised by the Court's July 2, 2013, Order that it would proceed with a ruling on the merits of Defendants' Rule 41(b) Motion.   Plaintiff likewise has failed to show cause or respond, even after being advised that this case could be dismissed for such a failure.  Plaintiff has not prosecuted this case, and dismissal is warranted.

### III.  CONCLUSION

After consideration of the record, the Court is of the opinion that Defendants' Motion to Dismiss should be granted, and that the above captioned cause should be dismissed pursuant to FED. R. CIV. P. 41(b) for Plaintiff's failure to prosecute and to comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendants' Motion [11] to Dismiss for Failure to Prosecute filed June 3, 2013, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Complaint against Defendants is dismissed without prejudice, pursuant to FED. R. CIV. P. 41(b).

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE